**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CRH Americas Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Andrew Grayson,<br><br>Defendant. | No. CV-20-00007-PHX-DWL<br><br>**ORDER** |

Although the complaint alleges that the plaintiff in this action is the administrator of an employee benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), the claims do not "arise from the administration" of the Plan, either "directly or indirectly." *Gibson v. Prudential Ins. Co. of Am.*, 915 F.2d 414, 416 (9th Cir. 1990); *see also Bui v. Am. Tel. & Tel. Co. Inc.*, 310 F.3d 1143, 1149–50 (9th Cir. 2002) ("Mere reference to an ERISA plan does not lead to preemption."). Indeed, Plaintiff makes no argument, in the complaint or the cover sheet, that this is an ERISA case. As such, this matter was docketed as an ERISA case in error—it is an ordinary negligence case and should be subject to the Mandatory Initial Discovery Pilot ("MIDP").

Furthermore, the Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff CRH Americas, Inc. f/k/a Oldcastle, Inc. as Plan Administrator of the CRH

Americas Healthcare Plan f/k/a Oldcastle, Inc. Health and Welfare Benefits Plan, as subrogee of Milton Epps ("CRH") alleges this Court has subject-matter jurisdiction based solely on diversity grounds. (Doc. 1 ¶ 2.) Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)

CRH alleges that it was during all times relevant to the complaint "the plan administrator and a fiduciary of the Americas Healthcare Plan, f/k/a Oldcastle, Inc. Health and Welfare Benefits Plan [('the Plan')], which is administered at 900 Ashwood Parkway, Suite 600, Atlanta, GA 30338." (*Id.* ¶ 4.) CRH further alleges that "[t]he Plan is a self-funded employee welfare benefit plan within the meaning of 3(a) of ERISA, 29 U.S.C. § 1002(1)" (*id.* ¶ 15), that Mr. Epps is a participant in the Plan (*id.* ¶ 12), and that the Plan's terms grant the Plan subrogation rights (*id.* ¶ 14).

CRH has failed to allege facts that establish its citizenship for diversity jurisdiction purposes. The Atlanta, Georgia address where the Plan "is administered" is irrelevant to the analysis. Indeed, even if the Plan itself were the plaintiff in this action, the location where it "is administered" would not bear on the determination of its citizenship. "While humans and corporations can assert their own citizenship, other entities take the citizenship of their members." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016). ERISA plans are not humans or corporations, but rather are trusts. *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1370 n.3 (10th Cir. 1998) ("Few decisions address

the citizenship of ERISA plans for diversity purposes. Most cases seem to note their status as express trusts and move on."). Some courts have suggested that the citizenship of an ERISA plan is the citizenship of each of its members. *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987) (ERISA plan is a "voluntary unincorporated association[]," and therefore "the citizenship of its members is determinative of the existence of diversity of citizenship."); *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016) (noting that "the jurisdictional views expressed in . . . [*May Dep't Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002), which held that an ERISA "plan is a trust, and for diversity purposes a trust is a citizen of whatever state the trustee is a citizen of"] . . . did not survive *Americold*); *see also Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1178 (10th Cir. 2015), *as amended* (Jan. 27, 2015), *aff'd sub nom. Americold*, 136 S. Ct. 1012 ("When [a] trust itself is a party to litigation, . . . the trust's citizenship is derived from the citizenship of all it[s] members.") (internal citations omitted).

At any rate, the ERISA plan itself does not appear to be a party to this lawsuit. Rather, the suit was brought by CRH. Assuming that CRH as the plan administrator is a real party in interest and real party to the controversy—and there are no other indispensable real parties to the controversy, *Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC*, 358 F. Supp. 3d 426, 433-36 (E.D. Pa. 2018)—it is only the citizenship of CRH that matters. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) ("[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others.").

CRH is apparently a corporation. A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).

The Court will therefore require CRH to file an amended complaint[1] to clarify the

---
[1] This amended complaint pursuant to court order will not affect CRH's right under Rule 15(a)(1) to later amend once as a matter of course, if it chooses to do so. *See, e.g.*,

allegations that give rise to subject-matter jurisdiction in this action. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Furthermore, the Court will require CRH to file a brief establishing that the plaintiff named in the amended complaint is a real party in interest and real party to the controversy.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall amend the docket to reflect that this is not an ERISA case and that the action is subject to the MIDP.

**IT IS FURTHER ORDERED** by **January 31, 2020**, CRH shall file (1) an amended complaint properly alleging subject-matter jurisdiction, and (2) a brief, not to exceed ten pages, establishing that the plaintiff named in the amended complaint is a real party in interest and real party to the controversy.

**IT IS FURTHER ORDERED** that if CRH fails to timely file its amended complaint and brief, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 21st day of January, 2020.

_____
Dominic W. Lanza
United States District Judge

---

*Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).